MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 01 2013

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER GARY CARLSON,<br><br>　　　　　Defendant. | Case No.: CR-13-135-RMP<br><br>Plea Agreement |

　　　　Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney, for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant, CHRISTOPHER GARY CARLSON, and the Defendant's counsel, Matthew Campbell, agree to the following Plea Agreement:

　　　　1.　　Guilty Plea and Maximum Statutory Penalties:

　　　　The Defendant, CHRISTOPHER GARY CARLSON, agrees to plead guilty, pursuant to Federal Criminal Procedure Rule 11(c)(1)(c), to Count 2 of the Indictment filed on August 22, 2013, charging the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

　　　　The Defendant, CHRISTOPHER GARY CARLSON, understands that the charge contained in the Indictment is a Class C Felony. The Defendant,

PLEA AGREEMENT - 1
P31028jm.slc.dotm

CHRISTOPHER GARY CARLSON, also understands that the minimum and maximum statutory penalty for Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), based on his predicate conviction, is not less than 10 years nor more than 20 years imprisonment; a fine not to exceed $250,000; a term of supervised release of up to life; a Special Penalty Assessment of $100; and registration as a sex offender.

The Defendant, CHRISTOPHER GARY CARLSON, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and the United States agree to jointly recommend that the Defendant be sentenced to ten years imprisonment, to be followed by a life term of supervised release, for Possession of Child Pornography. If the Court does not accept the plea or chooses to sentence the

PLEA AGREEMENT - 2
P31028jm.slc.dotm

Defendant to a greater or lesser sentence than the United States and the Defendant have agreed upon, the Defendant and the United States may each withdraw from the plea and this agreement is null and void.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, CHRISTOPHER GARY CARLSON, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the United States would have to prove beyond a reasonable doubt the following elements:

    a. First, on or about May 2, 2013, within the Eastern District of Washington, the Defendant, CHRISTOPHER GARY CARLSON, knowingly possessed material that contained images of child pornography, as charged;

PLEA AGREEMENT - 3
P31028jm.slc.dotm

    b. Second, that the material had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer, or that the material was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; and

    c. Third, that at the time he possessed the material, the Defendant believed that such images constituted child pornography.

5.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for CHRISTOPHER GARY CARLSON 's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Investigation into this case was initiated after ten separate cybertip reports from the National Center for Missing and Exploited Children (NCMEC)[1] were received and investigated by the Wenatchee Police Department (WPD). The NCMEC reports indicated that an internet user in the Wenatchee area was suspected of Child Pornography (possession, manufacture, and distribution). All of the Cybertipline Reports were reported to the Cybertipline by the internet company "airG" (airG is a social media webite similar to Facebook, which is based in Canada.)

All ten of the Cybertipline Reports showed chat conversations from a subject with a screen/user name of "samsonman99". The ten chats occurred from April 13-14, 2013 and the content indicated individuals were discussing the trading, possession and

---

[1] NCMEC operates the CyberTipline which is a reporting system for internet providers and customers to report suspected child exploitation.

PLEA AGREEMENT - 4
P31028jm.slc.dotm

receipt of child pornography photographs and videos. One of the reports provided by NCMEC indicated "samsonman99" was chatting with a screen/user name "warlock666":

Law enforcement traced the Internet Protocal (IP) addresses of "samsonman99" and "warlock666" and found that they were registered to Geo-Lookup and that the IP addresses were designated with Verizon. In addition, based on a review of conversation between "samsonman99" and "warlock666" it was determined that the phone number of 509-264-2994 was provided by "warlock666" and law enforcement determined that the subscriber for that phone number was a Sprint/Nextel customer in the Wenatchee, Washington area.

On April 29, 2013, a state search warrant was obtained and served on Northwest Internet, dba Localtel. Localtel records showed that the customer utilizing the IP address registered to "warlock666" was the Hospitality House located in Wenatchee, WA and that they had WIFI internet access at their facility.

WPD conducted an internet search for the user name "warlock666" and located this user name on the web site KrackSocial (KrackSocial is a social network) with the following information, which was copied from the user profile:

Warlock666. 39, male, Single, Wenatchee, Washington, US.

About warlock666: 5'9" 210 lil pudgy, blue eyes, blackhair, 7 ½" long 2" thick.

Interests: Sex. Trading nude pix

Relationships: (Several photographs of young looking females had been posted.)

WPD noted that "warlock666" had a recent status update with the following: "Birthday is on Wednesday. The big 40." WPD determined that this user was referring to his birthday and checked this birthday in their local database and it matched Christopher G. Carlson. In addition, a recent booking photo from the Chelan

PLEA AGREEMENT - 5
P31028jm.slc.dotm

County Regional Jail of Carlson matched the photograph of "warlock666" on the Kracksocial web site.

WPD's local database showed that Carlson's address was the Wenatchee Hospitality House and that Carlson was a registered sex offender. In 2007, Carlson was convicted of Possession of Child Pornography. WPD also noted that Carlson was currently on Community Supervision through Washington State Department of Corrections (DOC).

WPD contacted the Washington State Community Corrections Office and was advised that Carlson was under supervision and that Carlson was evicted from the Hospitality House on April 25, 2013, for allegedly viewing inappropriate photographs on a computer. DOC advised that Carlson was listed as homeless and that he had to check in with DOC daily. DOC further advised that they showed a current phone number for Carlson to be 509-264-2994. This phone number matched the number for "warlock666" in the CyberTip conversation with "samsonman99." DOC also advised they had the following email address for Carlson: "warlock5173@yahoo.com."

After further investigation, on May 2, 2013, WPD obtained a search warrant for the cellular phones that Carlson was believed to being using to distribute and possess depictions of minors engaged in sexually explicit conduct. On May 2, 2013, Carlson was located at a Safeway in Wenatchee, his cellular phones were seized, and he was transported to WPD.

Continuing on May 2, 2013, Carlson was read his Miranda Warnings and Right to Counsel, which rights Carlson waived in writing. Carlson admitted he had been sending pictures and videos that he knew contained child pornography from his cellular phone. Carlson admitted he had child pornography on his phone, which he either downloaded from the internet or received via text message or email. Carlson stated that the email accounts he utilized were gmail and yahoo. Carlson stated that he met some of the people exchanging child pornography on the social media site airG,

PLEA AGREEMENT - 6
P31028jm.slc.dotm

including samsonman99. Carlson stated that he has exchanged child pornography with samsonman99 via text messaging.

A forensic examination was conducted by WPD of both of the cellular phones (Kyocera Event and Verizon Pantech) found in Carlson's possession. No child pornography images were located on the Verizon Pantech phone. Over 600 images of child pornography were located on Carlson's Kyocera Event phone, which depicted minors engaged in sexually explicit conduct. The child pornography images were of girls in the age range of toddlers to teenagers and thus, included child pornography images of children under the age of twelve. Some of the images showed the girls having sexual intercourse with adults and depicted sadistic and masochistic conduct. In addition, on the Kyocera Event cell phone Carlson had the following email addresses: warlock5173@gmail.com and cplover@yahoo.com. The child pornography images were received on or about April 11, 2013 and continued through until Defendant's arrest on May 2, 2013. The Kyocera Event cell phone is not manufactured in the State of Washington.

6. The United States Agrees to Dismiss:

At the time of sentencing, the United States agrees to move to dismiss Count 1 of the Indictment, which charges the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

7. United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a. Base Offense Level:

The United States and the Defendant agree that the base offense level for Possession of Child Pornography is 18. See U.S.S.G. §2G2.2(a)(1).

PLEA AGREEMENT - 7
P31028jm.slc.dotm

b.    Specific Offense Characteristics:

The United States and the Defendant agree and stipulate that the base offense is increased by an additional two (2) levels because the material involved children who had not attained the age of 12. See U.S.S.G. §2G2.2(b)(2).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. See U.S.S.G. §2G2.2(b)(4).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer for Possession, or for accessing with intent to view the material. See U.S.S.G. §2G2.2(b)(6).

The United States and the Defendant also agree and stipulate that the base offense is increased by an additional five (5) levels because the offense involved over 600 images of child pornography. See U.S.S.G. §2G2.2(b)(7).

c.    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than November 1, 2013, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of

PLEA AGREEMENT - 8
P31028jm.slc.dotm

sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a Possession from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 28.

    d.    Criminal History:

The United States and the Defendant are aware of Defendant's 2007 state conviction for Possession of Child Pornography; however, the parties understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    8.    Jointly Recommended Term of Imprisonment:

The United States and the Defendant agree that this plea agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to ten years imprisonment and a life term of supervised release for Possession of child pornography.

    9.    Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

PLEA AGREEMENT - 9
P31028jm.slc.dotm

10. <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a life term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release that the Defendant:

    a. not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

    b. allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

    c. shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

    d. shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as

PLEA AGREEMENT - 10
P31028jm.slc.dotm

defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his/her telephone records to monitor compliance, at the direction of the Probation Officer;

e. register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, or is attending school. The Defendant shall provide verification of compliance with this requirement to the Probation Officer;

f. complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

g. participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

11. <u>Mandatory Special Penalty Assessment:</u>

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a Possession from the Clerk to the United States before sentencing as proof of this payment.

12. <u>Payments While Incarcerated:</u>

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these

PLEA AGREEMENT - 11
P31028jm.slc.dotm

obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13. <u>Forfeiture</u>:

The Defendant, CHRISTOPHER GARY CARLSON, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets identified in the Notice of Criminal Forfeiture Allegations contained in the Indictment, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of such assets, including, but not limited to the following:

1) One Kyocera Event Cell (Smart) Phone, seized from Defendant on May 2, 2013, pursuant to a search warrant.

The Defendant stipulates that he is the sole owner of the asset identified in the Indictment and that no one else has an interest in the asset.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Possession of Child Pornography charge alleged in the Indictment to which Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

14. <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15. <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order so long as that restitution order does not exceed $10,000. Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he/she must update his/her registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that

PLEA AGREEMENT - 13
P31028jm.slc.dotm

failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORMSBY
United States Attorney

_____          11/1/13
(Stephanie J. Lister                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my

PLEA AGREEMENT - 14
P31028jm.slc.dotm

rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  \_11-1-13_____
CHRISTOPHER GARY CARLSON           Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  \_11-1-13_____
Matthew Campbell                   Date
Attorney for the Defendant

PLEA AGREEMENT - 15
P31028jm.slc.dotm