PROB 12C
(6/16)

Report Date: July 22, 2022

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2022

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Christopher Gary Carlson | Case Number: 0980 2:13CR00135-RMP-1 |
| Address of Offender: ▬▬▬▬▬▬▬▬▬▬ Spokane, Washington 99205 | |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: February 4, 2014

| | | | |
|---|---|---|---|
| Original Offense: | Possession of Child Pornography, 18 U.S.C. § 2252 | | |
| Original Sentence: | Prison - 120 Months; TSR - Life | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Stephanie Joyce Lister | Date Supervision Commenced: | June 10, 2022 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: | N/A |

## PETITIONING THE COURT

**To issue a WARRANT**.

On June 14, 2022, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Carlson, as outlined in the judgment. He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #15**: You shall not possess any type of camera or video recording device unless approved by the U.S. Probation Office. |
| | **Supporting Evidence**: Mr. Carlson is alleged to have violated special condition number 15 on or about July 22, 2022, by possessing an Internet capable smart phone with camera and video capability without the permission or approval of the supervising officer. |
| | It should be noted, on June 16, 2022, this condition was modified by the Court to allow the undersigned officer's discretion to provide approval for the client to possess such a device. |
| | On July 21, 2022, collateral information was received indicating that the client may be in possession of an Internet capable smart phone. Mr. Carlson had not been approved by the undersigned officer to possess such a device. Such devices are commonly known to possess a camera that provides both still photo and video capabilities. |

Prob12C
Re: Carlson, Christopher Gary
July 22, 2022
Page 2

On July 22, 2022, an unscheduled home visit was conducted at the client's residence. The housing manager escorted U.S. probation officers to the client's bedroom. In plain view was a cellular device observed to be on the bed next to the client who at the time of the contact was asleep on his bed. Upon Mr. Carlson awakening, he was observed to move a pillow over the device in question. Before commencing the inspection of the cellular device, Mr. Carlson was asked if there was any content of sexually explicit nature involving children or adults on the device. Mr. Carlson readily admitted that he had purchased the device approximately 1 week prior and had viewed pornographic content. Mr. Carlson further volunteered that he would likely be going back to prison. Mr. Carlson was asked if there would be child pornography on the device and he admitted there would be, further stating "I know I have," when questioned about any viewing of child pornography. The device was determined to have a working camera allowing for both still photography and video recording.

Upon initial inspection of the device, the undersigned officer immediately observed that pornography was present on the device and the images could have represented child pornography. This device will be provided to the Federal Bureau of Investigation for a full forensic analysis to further determine the scope of any potential violation conduct.

2      **Special Condition #21**: You shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). Neither shall you enter nor frequent any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You shall not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, and credit cards.

**Supporting Evidence**: Mr. Carlson is alleged to have violated special condition number 21 on or about both June 10, and July 22, 2022, based on the client's admission of such conduct and based on the client possessing an Internet capable smart phone without the permission or approval of the supervising officer. This phone was found to have pornographic content on it.

On July 13, 2022, Mr. Carlson reported to the U.S. Probation Office in Spokane, as directed and presented a previously secured cell phone for inspection. Mr. Carlson indicated that he had purchased the phone from a roommate and had not yet activated it. An inspection of the device revealed attempts to access pornographic content. Mr. Carlson denied that he had done so, indicating he couldn't because the phone had no service. Mr. Carlson was directed to provide the device to his housing manager and was directed to secure an updated polygraph test to determine his level of culpability. Mr. Carlson indicated that he wanted to be honest with this officer and admitted that after his release from prison, he viewed a "dirty movie" on or about June 10, 2022, which he later clarified as pornographic.

On July 21, 2022, collateral information was received indicating that the client may be in possession of an Internet capable smart phone. Mr. Carlson had not been approved by the undersigned officer to possess such a device.

On July 22, 2022, an unscheduled home visit was conducted at the client's residence. The housing manager escorted U.S. Probation Officers to the client's bedroom. In plain view was a cellular device observed to be on the bed next to the client who was at the time of the

contact, asleep on his bed. Upon Mr. Carlson awakening, he was observed to move a pillow over the device in question. Before commencing the inspection of the cellular device, Mr. Carlson was asked if there was any content of sexually explicit nature involving children or adults on the device. Mr. Carlson readily admitted that he had purchased the device approximately 1 week prior and had viewed pornographic content. Mr. Carlson further volunteered that he would likely be going back to prison. Mr. Carlson was asked if there would be child pornography on the device and he admitted there would be, further stating "I know I have," when questioned about any viewing of child pornography.

Upon initial inspection of the device, the undersigned officer immediately observed that pornography was present on the device and the images could have represented child pornography. This device will be provided to the Federal Bureau of Investigation for a full forensic analysis to further determine the scope of any potential violation conduct.

Additionally, approximately 150 printed and computer generated photos were also located during the search which reflect women varying in age and states of undress, to include magazine cut outs of clothed minor-aged children. This content will also be offered to the Federal Bureau of Investigation to determine if they wish to further analyze this evidence.

3      **Special Condition #30**: You must allow the probation officer to install monitoring software on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.

**Supporting Evidence**: Mr. Carlson is alleged to have violated special condition number 30 on or about July 22, 2022, by possessing an Internet capable smart phone without monitoring software and without the permission or approval of the supervising officer.

It should be noted that this condition was imposed by the Court on July 18, 2022, in response to the recent ruling in United States v. Wells, 29 F.4th 580 (9th Cir. 2022). This condition was originally reflected in part on the client's original judgement and sentence as special condition number 14.

On July 21, 2022, collateral information was received indicating that the client may be in possession of an Internet capable smart phone. Mr. Carlson had not been approved by the undersigned officer to possess such a device without monitoring software installed.

On July 22, 2022, an unscheduled home visit was conducted at the client's residence. The housing manager escorted U.S. probation officers to the client's bedroom. In plain view was a cellular device observed to be on the bed next to the client who at the time of the contact was asleep on his bed. Upon Mr. Carlson awakening, he was observed to move a pillow over the device in question. Before commencing the inspection of the cellular device, Mr. Carlson was asked if there was any content of sexually explicit nature involving children or adults on the device. Mr. Carlson readily admitted that he had purchased the device approximately 1 week prior and had viewed pornographic content. Mr. Carlson further volunteered that he would likely be going back to prison. Mr. Carlson was asked if there would be child pornography on the device and he admitted there would be, further stating "I know I have," when questioned about any viewing of child pornography. The device was determined to

Prob12C
Re: Carlson, Christopher Gary
July 22, 2022
Page 4

have a working camera allowing for both still photography and video recording.

Upon initial inspection of the device, the undersigned officer immediately observed that pornography was present on the device and the images could have represented child pornography. This device will be provided to the Federal Bureau of Investigation for a full forensic analysis to further determine the scope of any potential violation conduct.

The U.S. Probation Office respectfully recommends the Court **issue a <u>WARRANT</u>** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    July 22, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

7/22/2022
Date